UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD E. DARLING,

         CIVIL NO. 10-CV-15082

 *Plaintiff*,

v.         DISTRICT JUDGE MARK A. GOLDSMITH
          MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF
SOCIAL SECURITY,

 *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**
(Doc. 29)

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** as follows:

1) that Plaintiff's Motion for Attorney Fees be **GRANTED IN PART** and **DENIED IN PART** and that Equal Access to Justice Act ("EAJA") fees totaling $5,911.25 be awarded as follows: $847.50 for 6.78 hours of attorney time at a rate of $125.00 per hour; $4,868.70 for 38.95 hours of law clerk time at a rate of $125.00 per hour and $195.00 for 1.95 hours paralegal work at a rate of $100.00 per hour, and;

2) that the matter be **REMANDED** to the Commissioner pursuant to *Astrue v. Ratliff*, \_\_\_U.S.\_\_\_, 130 S. Ct. 2521, 2524, 177 L. Ed. 2d 91 (2010), for a prompt determination as to whether Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees should be made directly to Attorney Frederick J. Daley, Jr. If the Plaintiff does owe a pre-existing debt, the EAJA fees should be offset by the amount of the debt, with any remainder paid to Attorney Frederick J. Daley, Jr.

## II. REPORT

### A. Introduction

Pursuant to an order of reference from United States District Judge Mark Goldsmith under 28 U.S.C. § 636(b)(1)(B) (Doc. 30), pending is Plaintiff's Motion for Attorney Fees, filed pursuant to the EAJA, 28 U.S.C. § 2412.

Attorney Frederick J. Daley, Jr., has represented Plaintiff throughout the pendency of this case. Plaintiff's counsel filed the action in December 2010, seeking judicial review of a decision by the Defendant Commissioner denying Plaintiff's claim for benefits. The case was referred to this magistrate judge for a report and recommendation. (Docs. 3, 9.) After review of the record and a recommendation, on March 21, 2012, Judge Goldsmith issued an opinion and ordered the case remanded to the Commissioner for further proceedings under sentence four of 28 U.S.C. § 405(g). (Doc. 27.) A judgment consistent with these findings issued the dame day. (Doc. 28.)

The instant motion was filed on June 19, 2012. The motion papers indicate that Plaintiff's counsel seeks a total of $6,216.35 in attorney fees. Specifically, Mr. Daley requests $1,152.60 for himself for 6.78 hours of attorney time at a rate of $170.00 per hour. Mr. Daley also requests $4,868.70, reflecting 38.95 hours of work done by his law clerk, Ms. Blaz, at a rate of $125.00 per hour, and $195.00 for 1.95 hours of work done by his paralegal at a rate of $100.00 per hour. The Defendant Commissioner filed a response opposing the motion. (Doc. 32.) Accordingly, the motion is ready for report and recommendation.

### B. EAJA Requirements

Three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the Government's position must be without substantial

2

justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

With regard to the first condition, the EAJA provides that a "party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B). In this circuit, the time for filing begins to run only when the underlying judgment has become final; i.e., 60 days after judgment is entered, providing that no notice of appeal or other motion under Rules 59 or 60 of the Federal Rules of Civil Procedure has been filed in the meantime. *See Najor v. Sec'y of Health & Human Servs.*, 675 F. Supp. 379 (E.D. Mich. 1987) (citing *Gidcumb v. Sec'y of Health & Human Servs.*, 650 F. Supp. 96, 100 (W.D. Ky. 1986)).

  C.  **Analysis and Conclusions**

  1.  **First Requirement: Prevailing Party**

At the threshold, I conclude that the motion is timely filed. With regard to the first condition, the Supreme Court has held that a party who obtains a sentence four remand is a prevailing party eligible for a judgment awarding costs, attorney fees and expenses under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). Accordingly, since Plaintiff in this case obtained a sentence four remand, I suggest that this condition is met.

  2.  **Second & Third Requirements**

As to the remaining requirements, the Commissioner does not directly contest counsel's entitlement to EAJA fees or the number of hours expended, but instead argues that the hourly rate

has not been properly calculated. The Commissioner asserts that Plaintiff's counsel has failed to properly support an increase in the hourly rate allowed by statute. (Doc. 32 at 4-5.)

The law provides that attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

As mentioned, Plaintiff's counsel seeks $170.00 per hour for his own time. (Doc. 29 at Ex. C.) Counsel explains that these rates were calculated by using with the "Consumer Price Index ('CPI') for the Detroit and Chicago areas. (Doc. 29 at 4; Doc. 29 at Ex. A, B.)

In response, the Commissioner cites *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), and argues that Plaintiff's counsel has provided insufficient support for increased fees under the EAJA. (Doc. 32 at 2.) The Commissioner also argues that the hourly rates for Plaintiff counsel's law clerk and paralegal are improperly inflated.

In *Bryant*, the Sixth Circuit affirmed a district court denial of a petition for increased EAJA fees, stating:

> Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees. This is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests. Moreover, Plaintiffs' policy arguments arguably justifying a legislative increase to the EAJA's statutory cap are not relevant to this Court's review for abuse of discretion.

*Bryant*, 578 F. 3d at 450.

Counsel's submission supporting an increase in the hourly rate in this case suffers from the same defect as in *Bryant*. I therefore suggest that the Commissioner's argument carries the day, and that Plaintiff's counsel is entitled to no more than $125.00 per hour for his own efforts.

The Commissioner also argues that a rate of $125 per hour for law clerk Blaz is excessive. However, Ms. Blaz has a J.D. and is experienced as a paralegal. Moreover, the time logs submitted by Mr. Daley show that Blaz performed work at a level beyond that of a paralegal. Blaz drafted the complaint and EAJA petition, reviewed proposed objections, researched a number of areas and drafted the reply in support of Plaintiff's objections. I therefore suggest that Plaintiff's counsel has provided sufficient support that Blaz's work is entitled to the requested rate of $125.00. I similarly find nothing inappropriate in awarding fees for the less than two hours of paralegal time at the $100.00 per hour rate requested.

**3.      Whether the EAJA Fees Should Be Paid Directly to Plaintiff's Counsel**

In *Astrue v. Ratliff*, ___U.S.___, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), the Supreme Court held that EAJA attorney fees belong to the claimant, not to the claimant's attorney, and that the award of fees "is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id.* at 2524. In *Ratliff*, the claimant in fact owed the Government a debt that predated the district court's approval of the EAJA award. However, the Court noted, albeit in dicta, that "the Government has . . . continued the direct payment practice [to the attorney] where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529. Citing *Ratliff,* the Commissioner requests that, in the event fees are granted, the Commissioner be given the opportunity to verify that the Plaintiff owes no pre-

5

existing debt subject to offset on the date of the award, and that Plaintiff be required to produce a valid assignment of these fees.

Following *Ratliff*, a number of district courts have held that if there is an assignment of EAJA fees, and if there is no pre-existing debt to the Government, fees should be paid directly to the attorney. *See Bates v. Comm'r of Soc. Sec.*, No. 3:09 CV 2349, 2011 WL 2149349, at *3 (N.D. Ohio April 27, 2011) ("If Defendant determines Plaintiff does not owe a debt to the government, and there is a valid assignment of the fees, the Court sees no reason for the government not to honor the assignment and pay the fees directly to counsel."); *Walker v. Astrue*, 2:09-cv-960-TFM, 2011 WL 1297744, at *2 (M.D. Ala. April 5, 2011) ("[P]ursuant to the assignment agreement between Plaintiff and counsel, attorney's fees may be made payable to Plaintiff's attorney, subject to any offset which may be applicable"); *Hilker v. Astrue*, No. 3:09cv00186, 2010 WL 5553980, at *1 (S.D. Ohio Dec. 3, 2010) (fees payable directly to counsel based on assignment because government failed to identify any preexisting debt). *But see Snyder v. Comm'r of Soc. Sec.*, No. 1:06-CV-2737, 2011 WL 66458, at *3 (N.D. Ohio Jan. 10, 2011) (court ordered payment directly to plaintiff, with instructions to "leave it to counsel to collect his fee from Plaintiff in accordance with their agreement").

In this case, there is a written assignment of any EAJA fees from Plaintiff to his attorney. (Doc. 29 at Ex. H.) As long Plaintiff owes no pre-existing debt to the Government, I suggest that *Ratliff* would not prevent this Court from honoring the assignment. Indeed, to do so would at least partially address Justice Sotomayor's concern, expressed in her concurring opinion in *Ratliff*, that the decision "will make it more difficult for the neediest litigants to find attorneys to represent them in cases against the Government." *Ratliff,* 130 S. Ct. at 2532.

The Commissioner has not indicated whether in fact Plaintiff owes money to the Government. I therefore suggest that the Court follow the common practice and give the Commissioner the opportunity to determine whether there is a pre-existing debt that would offset the EAJA fees. *See Cutler v. Astrue*, No. 1:10CV343, 2011 WL 901186, at *1 (N.D. Ohio March 14, 2011) (fees payable directly to attorney "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"); *Taylor v. Astrue*, No. 09-C-970, 2011 WL 1261138, at *2 (N.D. Ill. March 31, 2011) ("After the award is entered, if the Government determines that plaintiff owes no such debts, the Government will direct that the fee award and expenses be made payable to the plaintiff's attorney pursuant to the EAJA assignment signed by the parties."); *Bates*, *supra*, at *3 ("Courts . . . have been consistent in applying *Ratliff* for the proposition that any award – regardless to whom it is paid – is first subject to offset for any preexisting federal debt"). If there is none, then I suggest that the EAJA fees be paid directly to Plaintiff's attorney.

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d

947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this report and recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                                                          s/ *Charles E. Binder*
                                                                    CHARLES E. BINDER
Dated: September 17, 2012                            United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Frederick Daley and Judith Levy, and served on District Judge Goldsmith in the traditional manner.

Date:  September 17, 2012                By      s/*Jean L. Broucek*
                                                                     Case Manager to Magistrate Judge Binder