UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD E. DARLING,

       Plaintiff,                                  Civil Action No.
                                                     10-CV-15082

vs.

                                                     HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES and**
**REMANDING THE CASE**

       This matter is presently before the Court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 et seq.  The matter was referred to Magistrate Judge Charles E. Binder for a Report and Recommendation (R&R), which he issued on September 17, 2012.  The Magistrate Judge recommends that attorney fees be awarded as requested by Plaintiff in his motion, except that he recommends that the hourly rate assessed for attorney time be reduced from $170, the rate requested by Plaintiff, to $125, the presumptive ceiling rate under the EAJA.  See 28 U.S.C. § 2412(d)(2)(A) ("The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.").

       Defendant has not filed objections to the R&R, and the time to do so has expired.   Plaintiff

has filed objections, in which his sole argument is that he has satisfied his burden under § 2412(d)(2)(A), quoted in relevant part above, of showing that an adjusted hourly rate of $170 is justified for attorney time in this case.  The Court reviews that argument de novo.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

As noted in the R&R, the Sixth Circuit, in Bryant v. Commissioner of Social Security, 578 F.3d 443, 450 (6th Cir. 2009), articulated the standard applicable in determining whether an hourly rate adjustment is appropriate under § 2412(d)(2)(A):

> In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase.  See Blum v. Stenson, 465 U.S. 886, 898(1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant").  Plaintiffs must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 895 n.11.

In other words, "the lawyer seeking . . . an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." Mathews-Sheets v. Astrue, 653 F.3d 560, 563 (7th Cir. 2011).

In Bryant, the Sixth Circuit affirmed the district court's determination that the plaintiff failed to meet his burden:

> Plaintiffs failed to meet their burden of proof, and the district court . . . appropriately noted the lack of proffered evidence.  In fact, in both cases, Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees.  This is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests.  Moreover, Plaintiffs' policy arguments arguably justifying a legislative increase to the EAJA's statutory cap are not relevant to this Court's review for abuse of discretion.

578 F.3d at 450.  Applying Bryant to the present case, the Magistrate Judge concluded:

> Counsel's submission supporting an increase in the hourly rate in this case suffers from the same defect as in Bryant.  I therefore suggest that the Commissioner's

>argument carries the day, and that Plaintiff's counsel is entitled to no more than $125 per hour for his own efforts.

R&R at 5.

Plaintiff submits two forms of evidence in support of his request for an hourly rate adjustment to $170.  First, he offers cost of living data based on the Department of Labor's Consumer Price Index, and argues that that an adjustment is warranted due to the increase in cost of living.  The Court agrees with the Magistrate that this data, by itself, is insufficient under <u>Bryant</u> to justify an adjustment; <u>Bryant</u> requires not only evidence demonstrating a cost of living increase, but also evidence demonstrating <u>the effects</u> of that increase on the attorney's ability to provide adequate legal services.  The data provided by Plaintiff does not establish this critical link.

However, the Magistrate Judge did not mention the other form of evidence offered by Plaintiff in support of his request for a rate adjustment: affidavits offered by two individuals who are familiar with the landscape of the Social Security bar in Michigan.  The first affidavit is offered by Dannelly Smith, a non-attorney who has been representing claimants before the Social Security Administration at all levels of review for over thirty years and has "extensive knowledge of the base of attorneys . . . willing to take [Social Security] claims to Federal Court."  The gist of Smith's testimony is that (i) there is a significant shortage of attorneys in Michigan who are willing to litigate Social Security appeals in federal court due to the demanding and time-consuming nature of the work, (ii) those attorneys who are willing to litigate Social Security appeals are extremely selective in the cases they accept and commonly reject appeals that are likely meritorious, and (iii) Plaintiff's counsel "is more open in his willingness to take cases" and his services "are indispensible to many of [Smith's] clients" who would not otherwise be able to procure counsel to file an appeal in federal court.

The other affidavit is offered by Evan Zagoria, a Michigan attorney (unaffiliated with Plaintiff's counsel in this case) whose practice consists primarily of litigating Social Security disability claims before the Social Security Administration. Zagoria states that he will only proceed with an appeal in federal court on behalf of a claimant if he also represented that claimant before the Social Security Administration; that is, he "will not accept other representative's clients who were denied benefits by an administrative law judge." Zagoria explains that Social Security appeals are generally time-consuming and not lucrative, making the "risk/reward factor unfavorable," and that he has been unable to find local attorneys to handle those Social Security appeals he cannot handle on his own.

Considering the above-described evidence offered in support of the present request for an upward adjustment of the hourly rate, the Court concludes that Plaintiff has satisfied his burden under § 2412(d)(2)(A) of showing "a special factor" justifying an adjustment, the "special factor" being the one expressly mentioned in the statutory text – "the limited availability of qualified attorneys for the proceedings involved." Accordingly, the Court grants Plaintiff's motion and awards attorney fees in the requested amount of $6,216.25, calculated as follows: $1,152.60 for 6.78 hours of attorney time at a rate of $170 per hour; $4,868.70 for 38.95 hours of law clerk time at a rate of $125.00 per hour; and $195 for 1.95 hours of paralegal time at a rate of $100.00 per hour. Pursuant to the authority cited by the Magistrate Judge, see R&R at 7, the case is remanded to the Commissioner for a prompt determination as to whether Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the attorney fees awarded herein should be made directly to Plaintiff's counsel. If the Plaintiff does owe a pre-existing debt, the attorney fees awarded herein should be offset by the amount of the debt, with any remainder paid to Plaintiff's counsel.

Civil Action No. 10-CV-15082

SO ORDERED.

|  |  |
|---|---|
|  | s/ Mark A. Goldsmith___ |
| Dated: October 5, 2012 | MARK A. GOLDSMITH |
| Flint, Michigan | UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was mailed to counsel of record and/or parties by electronic and/or U.S. Postal Service.

s/ Carol L. Mullins
Case Manager